Dewey, J.
Under the provisions of the statute of 1847, c. 224, the mayor and aldermen of the city of Boston adopted certain rules and orders for the due regulation of hackney-coaches and other vehicles. Those materially bearing upon the present question are designated as regulations numbered six and seven in the order adopted on the 1st of October, 1847, and are as follows. [Here the judge read the sections printed on pages 438,4391] The questions arising in the present case are: 1st, Whether the facts proved bring it within the sixth section of the. ordinance above recited; 2d, Whether that ordinance or by-law is a valid one.
It is contended, on the part of the defendant, that the offence here complained of, if any were committed, was one arising under the seventh section, whereas the complaint alleges an offence in violation of the sixth. Upon a careful examination of this complaint, we are satisfied, that it must be taken to be a complaint for a violation of the sixth section. It seems to have been so treated by the municipal court, and the instructions under which the verdict was returned assumed such to be the case. We are then brought to the inquiry, whether the facts proved sustain the allegations thus set forth under the sixth section.
On the part of the prosecution, it is insisted, that the sixth regulation, embracing all the streets, lanes, squares, and alleys, also includes all such portions of the streets, squares, &c., contiguous to any theatre, museum, or other place of public amusement, where hackney-carriages attend for passengers, so far forth, that the violation of a regulation by the mayor, that a space of thirty-five feet in front of the doors of the museum should be kept open and unincumbered by any hackney-coaches standing there, would, if the coach remained there more than fifteen minutes, be an offence in violation of the sixth section. On *441 the other hand, on the part of the defendant, it is insisted, that these regulations, as prescribed in sections six and seven, are distinct in their character; each embracing its own peculiar class of cases, and excluding all liability for an offence in violation of the one, from any forfeiture or penalty arising under the other.
In the absence of any such provision, as is contained in the seventh section, it might be very properly urged, that the facts in the present case constitute an offence within the sixth section, but we are not at liberty thus to consider the question. The mayor and aldermen have thought proper to distinguish the cases of vehicles having stands assigned for them, and hackney-carriages attending for passengers at any theatre, museum, or place of public entertainment, by making special regulations for such vehicles and for hackney-carriages. From the nature of the case, we should have expected particular provision to be made for such cases. The period of fifteen minutes, allowed for standing in the public streets, could not be supposed to be a limit to be applied to the hackney-coaches attending at the museum or a theatre, waiting for their passengers ; no precise time being fixed for the termination of such theatrical exhibitions, and from the very nature of the case not to be expected. An exact compliance with such a rule, limiting the remaining of carriages to a period of fifteen minutes, would be hardly practicable. It seems to us, that the true state of the case was foreseen by the mayor and aider-men, and was fully apprehended by them, when they adopted these regulations ; and that with a view to meet the exigencies of the case, they established the seventh section, contemplating the use of the public streets, in front of a theatre or place of public entertainment, as one requiring special provisions; that as to such places, the by-laws give the mayor authority to make the needful regulations, and provide a penalty for the neglect to observe them ; that this power was duly exercised by the mayor, in requiring thirty-five feet in front of the door of the museum to be kept open and unincumbered, except for the mere passing of coaches to the door to take up passengers and carry them from the theatre.
*442 We are of opinion, that the seventh section was intended to furnish the entire rule, as to the standing of carriages at places of public amusement, and that for all offences in reference to such carriages, the complaint should be instituted under that section exclusively. The present case, as disclosed upon the evidence, being properly embraced within the seventh section, and the complaint against the defendant being for a violation of the sixth section, the complaint is not supported by the evidence; and the instructions of the presiding judge are therefore erroneous, and the exceptions taken thereto must be sustained.
This view of the case makes it unnecessary to consider particularly the objection taken to the sixth section, namely, that it is an unreasonable by-law, and therefore void. This court doubtless have the power to deny effect to a by-law obnoxious to such an objection. It is however a power to be cautiously exercised, and in a question like the present, it is the more embarrassing, as the length of time, which ought to be allowed to vehicles to remain in the street, is, to a great extent, a practical question, upon which the mayor and aldermen can judge better than the members of this court. But we forbear to express any opinion upon that point, for the reasons already assigned. Verdict set aside and new trial grcmted.